UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:05CV11387JLT

HAFIZA ASLAMI
    Plaintiff

V

AIG LIFE INSURANCE CO.,
AIG CLAIM SERVICES, INC.,
LORI RODEK and GERALD WYNDORF
    Defendants

PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT

NOW COMES the plaintiff, Hafiza Aslami, and moves pursuant to 28 USC §1447(c) to remand the case to State Court. As grounds for the allowance of this motion, plaintiff states that her claims do not arise under or relate to ERISA and are not pre-empted by 29 USC §1132(a). Rather, they are "run of the mill state law claims" which should be handled by the Worcester Superior Court. Miara v. First Allmerica Financial Life Insurance Co., 2005 U.S. Dist. Lexis, 12163 at 10. The burden is on the defendants to establish that federal jurisdiction exists. Defendants will be unable to do so.

INTRODUCTION

This is an action alleging violation of M.G.L. c. 93A/176D. Plaintiff Hafiza Aslami is a resident of Fiskdale, MA. She is the widow of Fraidoon

1

Aslami who died on or about July 26, 2002. Defendant AIG Life Insurance Co. is a Delaware corporation with a principal place of business in Wilmington, DE. Defendant Gerald Wyndorf is the President of AIG Life Insurance Company. Upon information and belief, defendant AIG Claim Services, Inc. is also a Delaware corporation with a principal place of business in Wilmington, DE. Defendant Lori Rodek is or was a claims adjuster employed by AIG Claim Services, Inc.

On or about March, 2002, defendant AIG Life Insurance Company issued a group policy providing life insurance and accidental death benefits to Fiber Core, Inc., Fraidoon Aslami's employer. The policy, No. GTP000806291, provided accidental death and disability benefits to all active, full-time, named United States or International employees of Fiber Core, Inc. The policy provided for a benefit of five (5) times the employee's annual salary rounded to the next highest $1,000.00 to a maximum of $500,000.00, exclusive of advances, bonuses, tips, commissions and special compensation. At the time of his death on July 26, 2002, decedent Fraidoon Aslami was a full-time employee of Fiber Core, Inc. He earned approximately $50,000.00 per year.

On or about July 26, 2002, decedent Fraidoon Aslami was swimming in Lake Gulvahar, in Gulvahar, Afghanistan and drowned. He was taken to

Gulvahar Hospital where resuscitation efforts were undertaken. However, Mr. Aslami could not be resuscitated. On or about July 31, 2002, the United States Department of State issued a Report of The Death of an American Citizen Abroad which stated that Mr. Aslami died of aspiration pneumonia and hypoxia due to drowning.

On or about December 18, 2002, plaintiff Hafiza Aslami gave notice of her claim for the accidental death benefits due her under the AIG policy. On or about July 3, 2003, defendant Lori Rodek, on behalf of AIG Life Insurance Company and AIG Claim Services, Inc., acknowledged receipt of the claim. For over eighteen (18) months, defendants unreasonably failed, refused or neglected to settle the claim, claiming they needed to investigate whether Mr. Aslami's death was an accident within the meaning of the policy.

On or about March 15, 2004, plaintiff sent demand letters pursuant to G.L. c. 93A/176D to the President of AIG Claims Services, Inc. and Lori Rodek demanding the accidental death benefit due to Hafiza Aslami under Policy No. GTP0008062491. On or about March 19, 2004, Lori Rodek responded to the 93A/176D demand letter. She did not offer a prompt, fair and reasonable settlement of the claim even though liability for benefits under the policy was reasonably clear. On or about March 31, 2004,

plaintiff sent a demand letter pursuant to G.L. c. 93A/176D to AIG Life Insurance Co. demanding the accidental death benefits due to Hafiza Aslami under Policy No. GTP0008062491. Defendant failed, neglected or refused to make a prompt, fair and reasonable offer to settle the claim. On or about July 6, 2004, defendant AIG Life Insurance Co. paid Mrs. Aslami $263,000.00 in settlement of the claim.

On or about March 18, 2005, plaintiff filed suit in Worcester Superior Court alleging violations of M.G.L. c. 93A and c. 176D. The gravamen of the complaint is that the defendants failed, neglected or refused to make a prompt, fair and reasonable offer of settlement even though liability was reasonably clear. G.L. c. 176D §3 (9) (f). On or about June 30, 2005, defendants removed the case to Federal Court. Plaintiff now moves pursuant to 28 USC §1447(c) to remand the case to State Court.

## APPLICABLE STANDARDS OF LAW

Where federal jurisdiction is lacking, a Federal Court may remand a case on motion to the State Court. Miara v. First Allmerica Financial Life Insurance Co., 2005 U.S. Dist. Lexis, 12163 at 14. When a Motion to Remand is made, the burden is on the removing party to show that federal subject matter jurisdiction exists. Gianetti v. Mahoney, 218 F. Supp. 2d 8, 10 (D. Mass. 2002); Danca v. Private Health Care Systems, Inc., 185 F. 3d

4

1,4 (1st Cir. 1999). The Court may not exercise jurisdiction if no federal claim appears within the four corners of the complaint. Id. at 11. Doubts about the propriety of removal should be resolved in favor of remand. Gianetti v. Mahoney, 218 F. Supp. 2d at 10. An order for remand is not appealable.

### PLAINTIFF'S CLAIM IS NOT PRE-EMPTED BY ERISA

The threshold question is whether the plaintiff's claim is actually a claim under ERISA or a garden variety state tort claim. Wickman v. Northwestern National Life Insurance Co., 908 F. 2d 1077, 1081-1082 (1st Cir. 1990). ERISA applies to:

> Any employee benefit plan if it established or maintained --
> (1) By any employer engaged in commerce or actively effecting commerce; or
> (2) By any employee organization or organization representing employees engaged in commerce or in any industry or activity effecting commerce; or
> (3) Both.

29 USC §1003(a). Under ERISA:

> A civil action may be brought --
> (1) By a participant or beneficiary --
> (A) For the relief provided in sub-section (c) of this section or
> (B) To recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan;
> (2) By the secretary, or by a participant, beneficiary or fiduciary for appropriate relief under Section 1109 of this title;

5

    (3) By a participant, beneficiary or fiduciary
    (A) To enjoin any act or practice which violates any provision of the sub chapter or the terms of the plan, or
    (B) To obtain other appropriate equitable relief
    (i) To redress such violations or
    (ii) To enforce any provisions of this sub chapter or the terms of the plan...

29 USC §1132(a).

Congress has expressed an intention to preempt state laws which "relate to" any employee benefit plan. There is no "bright line test" for presumption. Miara v. First Allmerica Financial Life Insurance Co., 2005 U.S. Dist. Lexis, 12163 at 23. The First Circuit has held that a law "relates to" a covered employee benefit plan if it either has a connection with or a reference to such a plan. Carpenter's Local Union No. 26 United Brotherhood of Carpenters & Joiners of America v. United States Fidelity & Guaranty Co., 215 F. 3d 136, 140 (1st Cir. 2000). However, ERISA preemption does not convert a state law claim into an action arising under federal law. Danca v. Private Health Care Systems, Inc., 185 F. 3d 1, 4 (1st Cir. 1999). While ERISA preempts state laws that relate to any employee benefit plan, that preemption is qualified by an "insurance saving clause," §514(b)(2)(A) which states that, with one exception not relevant here, nothing in ERISA shall be construed or exempt to relieve any person from any state law which regulates insurance, banking or securities.

Metropolitan Life Insurance Co. v. Massachusetts, 471 U.S. 724, 733 (1985). Preemption "stops short" of any law of any state which regulates insurance. New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645, 651 (1995).

To establish complete preemption under ERISA, the defendant must show that the state cause of action falls within the scope of ERISA, i.e. that the state law claims must be considered an "alternative enforcement mechanism" of ERISA §502(a) or the terms of an ERISA plan. Id. at 5. State laws which touch on enforcement but do not bear on the "intricate web" of relations among the principal players in ERISA, i.e., the plan, the administrators, the fiduciaries, the beneficiaries and the employer, are not subject to preemption. Carpenters Local Union v. United States Fidelity and Guaranty Co., 215 F. 3d at 141. A state law, such as G.L. c. 93A/176D, that applies to a wide variety of situations, including those which have no bearing on ERISA Plans, constitutes a law of general application for preemption analysis and is not preempted. Id. at 144-145. Section 502(a) does not purport to reach every question relating to plans covered by ERISA. Danca v. Private Health Care Systems, Inc., 185 F. 3d at 4. The Court must look beyond the face of the complaint to determine whether the real nature of the claim is federal.

In the case at bar, plaintiff Hafiza Aslami is the beneficiary of an accidental death benefits policy purchased by her late husband's employer. The policy was issued by defendant AIG Life Insurance Co. Thus, at first blush, the claim arguably "relates to" ERISA. But on closer inspection, plaintiff has stated a simple state tort law claim for improper claims handling.

Plaintiff acknowledges that the policy providing death benefits is an "employee welfare benefit plan" as that term is defined by ERISA. 29 USC §1002(1) ("any plan, fund or program which was... established or maintained by an employer... to the extent that such a plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (a) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, ..."). She further acknowledges that defendant AIG Life Insurance Co. is the plan administrator. 29 USC §1002(16). However, defendants AIG Claims Service, Inc. and defendant Lori Rodek are an insurance adjusting service and claims adjuster, respectively. Defendant AIG Life Insurance Co. is not in the business of underwriting or selling insurance. See Gianetti v. Mahoney, 218 F. Supp. 2d at 13. Rather, it is a "facilitator" in handling

claims against AIG and its insureds. See Miller v. Risk Management Foundation, 36 Mass. App. Ct. 411, 412, 632 N.E. 2d 841, 842 (1994) (claim against adjuster and claim handling service). Under Massachusetts law, both the adjusting service and the individual adjuster can be liable for violations of M.G.L. c. 93A and 176D for failing to effect a prompt, fair and reasonable settlement when liability is reasonably clear. Id. at 418, 632 N.E. 2d at 846; Loftis v. Liberty Mutual Insurance Company, 1995 Mass. Super. Lexis 529 (1995); Mongeon v. Arbella Mutual Insurance Company, 2004 Mass. Super. Lexis 157 (2004); Ransow v. Aetna Casualty & Surety Co., 1993 Mass. Super. Lexis 324 (1993).

Judge William G. Young recently (June 16, 2005) authored an exhaustive opinion in Miara v. First Allmerica Financial Co. in which he reviewed pertinent ERISA case law. In Miara, the plaintiff alleged that she and her husband had been mislead by the defendants in purchasing a pension plan with survivor benefits. When plaintiff's husband died, she made a claim for the benefits due under the policy. The amount of the benefits proved to be less than originally represented to her. Plaintiff sued in state court alleging negligent misrepresentation, promissory estoppel, malpractice, breach of contract, breach of guaranty, breach of the covenant of good faith and fair dealing and violation of G.L. c. 93A. 2005 U.S. Dist.

9

Lexis 12163 at 8. Judge Young found that the plaintiff's claims were not preempted by ERISA. Among his reasons were that benefits law was not involved; that the damages claimed were not dependent upon an analysis of an ERISA plan; that the plaintiff was not seeking benefits under the plan; that the plaintiff did not want to enforce or clarify any rights under the plan; that the terms of the plan were not being challenged and that the defendants were not being sued for a refusal to pay benefits under the pension plan. Id. at 131-132. He further found the plaintiff's claims to be too tenuous, remote or peripheral to ERISA to justify preemption. Id. at 134.

Plaintiff Hafiza Aslami's complaint does not allege misrepresentation as in Miara. However, Judge Young's reasoning is persuasive. Mrs. Aslami does not allege that she was denied benefits under the plan issued to Fiber Core, Inc. Defendant AIG Life Insurance Co. eventually paid her the accidental death benefit under the policy. However, defendant's delay in investigating the circumstances of Mr. Aslami's death and finally complying with its obligations under the policy forms the basis of her complaint. Any damages due Mrs. Aslami for loss of the use of the money, Loftis v. Liberty Mutual Insurance Company, 1995 Mass. Super. Lexis 529, will be paid by the defendants and not by the plan. The Court need not examine the terms of the plan to render a decision because plaintiff neither seeks benefits

under it, nor seeks to clarify her rights under the plan nor challenges the terms of the plan. Miara v. Allmerica First Financial, 2005 U.S. Dist. Lexis 12163 at 131-132. Thus, any relation to or reference to ERISA is merely incidental to her claim for damages under G.L. c. 93A/176D.

## CONCLUSION

WHEREFORE, for the foregoing reasons, plaintiff Hafiza Aslami asks the Court to remand the case to Worcester Superior Court.

>     Hafiza Aslami
>     by her Attorney
>
>     _/s/ Stephen Gordon_
>     Stephen Gordon, Esq.
>     STEPHEN GORDON & ASSOCIATES
>     500 Main Street, Suite 535
>     Worcester, MA 01608
>     (508) 755-1050
>     BBO #203620

## CERTIFICATE OF SERVICE

I, Stephen Gordon, Esq., hereby certifies that on July 28, 2005, I forwarded a copy of the foregoing motion via first class, postage pre-paid mail to: Geoffrey P. Wermuth, Esq., Murphy, Hesse, Toomey & Lehane, LLP, 300 Crown Colony Drive, Suite 410, PO Box 9126, Quincy, MA 02269-9126

>     _/s/ Stephen Gordon_
>     Stephen Gordon, Esq.