UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
**05CV11387JLT**

HAFIZA ASLAMI,

  Plaintiff,

v.

AIG LIFE INSURANCE
COMPANY, AIG CLAIM
SERVICES, INC., LORI RODEK
GERALD WYNDORF,

  Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

The Defendants in the above-referenced case hereby Oppose Plaintiff's Motion to Remand this case to the Massachusetts Superior Court for Worcester County.

I. **The Complaint Allegations**

Plaintiff's Complaint alleges, in sum and substance, improper claim processing. The Plaintiff's decedent was covered under a life and accidental death insurance policy issued by the Defendant AIG Life Insurance Co. to the decedent's employer. Amended Complaint, paras. 1, 2, 6-9. Plaintiff's decedent unfortunately drowned in Afghanistan on or about July 26, 2002. Id. at paras. 10-12. On or about December 18, 2002, Plaintiff gave the Defendants notice of her claim for accidental death benefits, which notice Defendants received on or about January 3, 2003. Id. at paras. 13-14. After investigation, id. at Exhibit H, on or about July 6, 2004, Defendants paid the Plaintiff $263,000.00 in settlement of the claim, the full amount due under the policy. Id. at para. 16, Exhibit F.

Prior to payment, on or about March 15, 2003 and March 19, 2003, the Plaintiff through her counsel sent purported M.G.L. c. 93A and 176D demand letters to the Defendants. Id. at

-1-

paras. 17, 19. Plaintiff claims, at least in part, that prior to payment the Defendants did not make a "fair, prompt and reasonable offer of settlement of the claim for over eighteen (18) months." Id. at paras. 18 and 21. Thus Plaintiff purports to state claims under M.G.L. c. 93A and 176D. Plaintiff also suggests that she asserts a claim for unjust enrichment by reason of the Defendants' retaining the Plaintiff's funds for their own use. Id. at para. 25.

The relief sought by the Plaintiff includes benefits allegedly due under the policy issued by the Defendants. Plaintiff specifically alleged in her original Complaint that, among other things, "[t]his is an action for breach of contract against AIG Life Insurance Company for its failure to pay the claim pursuant to the policy plus interest." Original Complaint at para. 25. It was on the basis of the original Complaint that this action was removed. Plaintiff's Amended Complaint continues to allege that she was wrongfully deprived of benefits under the policy for some eighteen (18) months, that Defendants were dilatory in paying out on her claim, and that Defendants are liable to her for her "loss of use of the funds" payable under the policy, all supposedly in violation of Massachusetts state law. Id. at paras. 15, 21 and 25.

Plaintiff further concedes that the policy is an ERISA plan and that Defendant AIG Life Insurance Co. is a plan administrator within the meaning of ERISA. Plaintiff's Motion to Remand the Case to State Court, P. 8. Plaintiff further makes some factual allegations in her Motion regarding the status and functions of Defendants AIG Claims Services, Inc. and Lori Rodek[1] which are not supported in the record nor alleged in the Complaint or Amended Complaint, and thus should be disregarded by this Court in considering the pending motions.

II.  **Procedural Background**

Plaintiff filed her original Complaint in the Superior Court for Worcester, Massachusetts, on or about March 17, 2005. Certified Docket. Defendants removed the case to this Court on

---

[1] Plaintiff alleges that Ms. Rodek is an employee of AIG Life Insurance Co. and/or AIG Claim Services, Inc., so it is not clear how Plaintiff suggests in her Motion that Ms. Rodek is just a claims adjuster and solely an employee of AIG Claim Services, Inc. Moreover, Plaintiff does not mention Defendant Gerald Wyndorf in her Motion, but as President of the conceded plan administrator he would share in the preemption of the case against AIG Life Insurance Co.

ERISA complete preemption grounds on June 30, 2005, and filed certified copies of the state docket and file on August 1, 2005. Certified Docket and Case File. Plaintiff filed an Amended Complaint with this Court on or about July 7, 2005, and her Motion to Remand on or about July 29, 2005; Defendants answered the Amended Complaint on August 17, 2005. Defendants now oppose Plaintiff's Motion to Remand.

III.  **Argument**

   A.  **The Remand Issue**

Defendants may remove from state court actions over which original jurisdiction is granted to the federal courts. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (original jurisdiction must be established by plaintiff's claims). In the context of ERISA (the Employee Retirement Income Security Act of 1974, 29 U.S.C. sec. 1001 et seq.), where Congress deliberately and "completely preempt[ed] a particular area ... [claims are] necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Accordingly, a defendant may remove a case "arising under" or "relating to" ERISA to federal court. 28 U.S.C. § 1441. On a plaintiff's motion to remand, the burden is upon the removing party to show that federal subject matter jurisdiction exists. *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 830-31 (1st Cir.1997).

Here, the removal issue and the preemption issue are pretty much the same issue. That is, if removal was appropriate, it is because there is complete preemption of Plaintiff's state law claims, and those claims would have to be dismissed. If removal was not appropriate, it is because there is no ERISA complete preemption of Plaintiff's state law claims and thus remand would be appropriate. Thus the preemption issue is discussed below.

   B.  **The Preemption Issue**

There are two kinds of ERISA claims, those which arise under ERISA's civil enforcement provision, 28 U.S.C. § 1132(a), and those claims against ERISA entities that are run-of-the-mill state-law claims, the former being preempted and the latter of which are not preempted. *Mackey*

-3-

*v. Lanier Collection Agency & Serv. Inc.*, 486 U.S. 825, 833 (1988); *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4-5 (1st Cir.1999).

As the First Circuit has explained,

> ERISA is a comprehensive statutory scheme that governs employee benefit plans.... [ERISA] contains an express preemption clause providing that it shall "supersede any and all State laws" insofar as they may now or hereafter relate to any "... employee benefit plan." Thus, when state-law claims "relate to " ERISA plans, those claims are transmuted into ERISA claims. In that situation, "any civil complaint raising such a state law claim ... is of necessity so federal in character that it arises under federal law for purposes of 28 U.S.C. § 1331 and permits removal to federal court." (internal citations and alterations omitted) (alterations and emphasis added).

*Carpenters Local Union No. 26 v. United States Fid. & Guar. Corp.*, 215 F.3d 136, 139 (1st Cir.2000).

"Express ERISA preemption analysis ... involves two central questions: (1) whether the plan at issue is an employee benefit plan and (2) whether the cause of action relates to this employee benefit plan." *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 49 (1st Cir.2000) (quoting *McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 36 (1st Cir.1998)) (internal quotation marks omitted).

In *Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), the Supreme Court held that a state common law cause of action in tort and contract, available under state law as a remedy for alleged improper processing of claims arising under a plan, "related to" an employee benefit plan.

Moreover, the First Circuit has squarely held that the claim of an insured against an insurer under M.G.L. c. 93A/176D, arising from the insurer's alleged delay in approval of payment under an ERISA plan, involved a "benefit" for purposes of ERISA, and thus, under the doctrine of complete preemption ERISA's civil enforcement provisions established federal removal jurisdiction over plaintiff's M.G.L. c. 93A/176D claims <u>and</u> resulted in preemption and dismissal of those claims. *Hotz v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 292 F.3d 57, (1st Cir. 2002). As that Court noted,

> Hotz's argument is foreclosed by this court's previous opinion in *Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1 (1st Cir.1999). There, we found removal jurisdiction over plaintiff's state tort claim alleging that the defendant insurer was negligent when it approved treatment at a mental hospital different from the hospital recommended by the referring physician. Relying on *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), we said the claim fell within the ambit of 29 U.S.C. § 1132(a)(1)(B) because it challenged "the process used to assess a participant's claim for a benefit payment under the plan." 185 F.3d at 6. This ruling governs Hotz's claim against the insurer alleging undue delay in processing her physician's referral.

292 F.3d at 60. As to preemption, and despite plaintiff's argument that the insurance "savings clause" in ERISA[2] protected M.G.L. c. 93A/176D from preemption, the Court ruled that

> On balance, our case seems closer to *Pilot Life,* where the Court held to be preempted a punitive damages tort claim for egregious nonpayment of benefits under an insurance policy. Under state law, such punitive damages were also available for egregious violations of contracts unrelated to insurance, just as chapter 93A is available for non-insurance unfair trade practices. In addition, the Court in *Pilot Life* . . . emphasized that to allow punitive damages for failure to pay benefits was at odds with Congress's refusal to allow punitive damages for benefit claims under ERISA. 481 U.S. at 53-54, 107 S.Ct. 1549.
> On this last rationale, other circuits have in a number of cases held claims under various state statutes similar to Massachusetts' to be preempted by ERISA despite the saving clause.[3]

Id. at 61, citing to *Ramirez v. Inter-Cont'l Hotels,* 890 F.2d 760, 763-64 (5th Cir.1989) (Texas unfair insurance practices statute); *Kanne v. Conn. Gen. Life Ins. Co.,* 867 F.2d 489, 494 (9th Cir.1988), *cert. denied,* 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989) (California unfair insurance practices statute); *In re Life Ins. Co. of N. Am.,* 857 F.2d 1190, 1194-95 (8th Cir.1988) (Missouri statute prohibiting vexatious refusal to pay insurance benefits); *see also Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 420 (4th Cir.1993) (West Virginia unfair trade practices statute); *Anschultz v. Conn. Gen. Life Ins. Co.,* 850 F.2d 1467, 1468-69 (11th Cir.1988) (Florida insurance statute).

Similarly, in *Smith v. Metropolitan Life Insurance Co.*, 344 F.Supp.2d 696 (D.Co. 2004),

---

[2]   29 U.S.C. sec. 1144(b)(a)(A) effectively provides that a state law which "regulates insurance" is not subject to ERISA preemption.

[3]   The multiple damages available under M.G.L. c. 93A/176D, and sought by Plaintiff, are "punitive damages" under Massachusetts law. *Kapp v. Arbella Mutual Ins. Co.*, 426 Mass. 683, 689 N.E.2d 1347 (1998).

the plaintiff contended that "there are objective industry standards for the adjustment of disability claims that Defendant must follow" which supposedly were "set out in C.R.S. § 10-3-1104 (Unfair Claim Practice and Settlement Act)." The Court specifically ruled that "ERISA preempts C.R.S. § 10-3-1104 because 'the statute conflicts with ERISA's comprehensive framework for claims handling.'" citing and quoting *Kelley v. Sears, Roebuck & Co.*, 882 F.2d 453, 456 (10th Cir.1989).

As this Court ruled in *Metropolitan Life Insurance Co. v. Flinkstrom*, 303 F.Supp. 2d 34 (D.Mass. 2004):

> There is no dispute that the life insurance policy in issue is part of an "employee benefit plan" and, hence, falls within the scope of ERISA's coverage. . . . Courts, moreover, have uniformly held that "[t]he determination of the beneficiary of the proceeds of an insurance policy plainly relates to an employee benefit plan." ERISA, therefore, preempts the application of state law in this case.

303 F.Supp. 2d 34, 39-40 (D.Mass. 2004)(citations omitted). If the state law determination of a beneficiary under a life insurance policy "relates to" an employee benefit plan and thus is preempted, then it would seem that the state law determination of whether or not the Defendants' claims processing was improper or not also "relates to" an employee benefit welfare plan and thus is preempted. There would not appear to be any principled difference between the two.[4]

With respect to Plaintiff's assertion that Ms. Rodek, and AIG Claims Services, Inc..,

---

[4] While this Court ruled that M.G.L. c. 93A/176D claims were not preempted in the case of *Northern Kare Facilities/Kingdom Kare, LLC v. Benefirst, LLC*, 344 F.Supp. 2d 283 (D.Mass. 2004), that was principally because the case involved an insurer suing a stop-loss insurer for failing to pay out under the stop-loss policy, which was not an ERISA plan. This Court ruled that

> There is no suggestion that judicial enforcement of the stop-loss insurance contract will function as an "alternative enforcement mechanism" creating "a remedy for the violation of a right expressly guaranteed and exclusively enforced by the ERISA statute." . . . When seeking reimbursement, Northern Kare must provide Intermediary and MEGA Life with proof of loss. . . . But this contractual obligation does not "interfere with the administration of covered employee benefit plans, purport to regulate plan benefits, or impose additional reporting requirements."

344 F.Supp.2d at 288 (citations omitted).

because they are just "claims adjusters," are liable to the Plaintiff, the Plaintiff simply cannot prevail. If Ms. Rodek and AIG Claim Services have the discretion under the plan to make determinations about benefit payouts, then they are fiduciaries under ERISA and any claim against them is preempted as discussed above.

To be liable under M.G.L. c. 93A/176D and secure a punitive damages recovery for the Plaintiff, they would have had to have such discretion; otherwise all the case is about is simple negligence, which does not a M.G.L. c. 93A/176D claim make. A negligent act, standing by itself, is not an unfair or deceptive trade practice. *Squeri v. McCarrick*, 32 Mass. App. Ct. 203, 207, 588 N.E.2d 22 (1992). There must also be evidence that the alleged wrongful act was used "as a lever to obtain advantage" for the wrongful party, so that the conduct "has an extortionate quality that gives it the rancid flavor of unfairness." *Atkinson v. Rosenthal*, 33 Mass. App. Ct. 219, 226, 598 N.E.2d 666 (1992). There are no facts alleged anywhere in the Complaint or Amended Complaint which would indicate any willful or knowing unlawful act, or any bad faith on the part of Ms. Rodek or AIG Claim Services, Inc.. Thus a remand is not appropriate for these entitles as well.

## Conclusion

Thus for all the afore-mentioned reasons, Defendants respectfully request that this Court DENY the Plaintiff's Motion to Remand.

>Respectfully submitted,
>DEFENDANTS AIG LIFE INSURANCE COMPANY, AIG CLAIM SERVICE, INC., LORI RODEK and GERALD WYNDORF,
>
>By its attorneys,
>
>MURPHY, HESSE, TOOMEY & LEHANE, LLP

August 18, 2005     By: _____
Katherine A. Hesse, BBO #232540
Geoffrey P. Wermuth, BBO #559681
World Trade Center East
2 Seaport Lane, 4th Floor
Boston, MA 02210
(617) 479-5000

### CERTIFICATE OF SERVICE

I certify that on this 18th day of August, 2005, I served a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Remand by sending the same by first-class mail, postage prepaid to Stephen Gordon, Esq., Stephen Gordon & Associates, 500 Main St., Suite 535, Worcester, MA 01608.

_____
Geoffrey P. Wermuth